KNOKE ET AL., D.B.A. FREMONT CANDY & CIGAR CO., APPELLEES, *v.* LINDLEY, TAX COMMR., APPELLANT.

(No. 81-1281—Decided April 21, 1982.)

*Messrs. Starn & Bowlus* and *Mr. William R. Bowlus,* for appellees.

*Mr. William J. Brown,* attorney general, and *Mr. James C. Sauer,* for appellant.

*Per Curiam.* The question in this appeal is whether the cigarette sales tax provisions and cigarette use tax provisions are to be read *in pari materia.*

The relevant cigarette sales tax provisions are set forth in R. C. 5743.03 and 5743.05. R. C. 5743.03 provides that the sales tax is to be paid by the wholesale dealers in cigarettes and that such dealers are required to affix a tax stamp on each package of cigarettes upon which the sales tax has been paid. R. C. 5743.05 requires the state treasurer to sell the tax stamps to wholesale cigarette dealers and further provides that "[t]he treasurer of state shall redeem and pay for any destroyed, unused, or spoiled tax stamps * * * and *he shall refund to wholesale dealers the net amount of taxes paid erroneously or paid on cigarettes which * * * have become unsaleable.*" (Emphasis added.)

The relevant cigarette use tax provisions are contained in R. C. 5743.32, which provides, in pertinent part, that "an excise tax is herein levied on the use, consumption, or storage for consumption by consumers in this state at the rate of seven cents on each ten cigarettes * * * . The tax shall not apply if the tax levied by section 5743.02 of the Revised Code has been paid."

Appellant contends that "a cigarette dealer who stores cigarettes for subsequent sale * * * is liable for the tax levied by R. C. 5743.31 *et seq.,* provided the tax levied by R. C. 5743.02 has not been paid." According to appellant, the fact that the stolen cigarettes were unsaleable by the appellees and hence not subject to the cigarette sales tax is irrelevant for

purposes of the cigarette use tax. Appellant argues that a taxpayer's cigarette use tax liability attaches upon the moment of possession and may be relieved only by the actual payment of the cigarette sales tax even if, as in the case at bar, the taxpayer is entitled to the full refund of said sales tax. We reject appellant's argument as hypertechnical.

As the BTA noted in its decision, quoting *Anchor Cigar, supra,* " ' [t]he requiring of the Appellant to make such payment and apply for a refund thereof would serve no useful purpose, except, perhaps, to remove itself from any cigarette use tax liability now being assessed by the Tax Commissioner.' " We see no reason for appellees to have to pay the cigarette sales tax, while fully entitled to the full refund thereof, simply to escape cigarette use tax liability.

As we read these statutes, the underlying legislative intent was to impose no tax liability on unsaleable cigarettes. Appellant would thwart this intent by ignoring the interrelationship between the cigarette sales and use tax provisions. The BTA recognized this interrelationship in *Anchor Cigar* and found the rationale expressed therein applicable to the case at bar. The BTA stated as follows:

" 'It is evident that when the cigarettes in question were first purchased by the Appellant and came into the Appellant's possession, the Appellant became liable for either the cigarette *sales* tax or the cigarette use tax, in the alternative but not both. As a *licensed* wholesale dealer, the Appellant was subject to the cigarette *sales* tax and had such tax been paid with respect thereto, the Appellant would have been, by virtue of such payment, exempt from any cigarette use tax liability.

" 'However, in the case of licensed wholesale dealers and licensed retail dealers, although such dealers become liable for the cigarette sales tax relating to cigarettes acquired and possessed by them upon acquisition, they are also entitled, as licensed dealers, to a refund of any such cigarette tax paid relating thereto if and when any of such cigarettes have become unsaleable, pursuant to R. C. 5743.05.

" ' * * *

" ' If the refund provisions of R. C. 5743.05, available to *licensed* wholesale and retail dealers, is to be given any meaningful effect, the cigarette sales tax and cigarette use tax pro-

visions must be interpreted as being *in pari materia.'* " (Emphasis *sic.*)

We hereby adopt the aforestated rationale of the BTA and hold that the cigarette sales tax and cigarette use tax provisions of R. C. Chapter 5743 are to be read *in pari materia.*

For the reasons hereinbefore stated, the decision of the BTA is affirmed.

*Decision affirmed.*

W. BROWN, ACTING C. J., REILLY, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

REILLY, J., of the Tenth Appellate District, sitting for CELEBREZZE, C. J.